IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY and THE GILLETTE COMPANY,<br><br>Plaintiffs,<br><br>VS.<br><br>SUSAN HARRISON; WILLIAM G. HARRISON III, individually and as a Trustee for the Harrison Family Trust and The Emily Waldrup Trust; CINDY NOSSER; KATHY ALLEN; PAT ALLEN; TINA HARRISON; W.G. HARRISON IV; LARRY LUXENBERG; and JOHN SHELTON | C.A. NO. 1:06-CV-00443-UNA |

**COMPENDIUM OF UNREPORTED OPINIONS TO DEFENDANTS'
<u>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

**LANDIS, RATH & COBB, LLP**
Daniel B. Rath (Bar No. 3022)
Rebecca L. Butcher (Bar No. 3816)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

**CHAIKEN & CHAIKEN, P.C.**
Robert L. Chaiken (Bar No. 04057830)
Kenneth B. Chaiken (Bar No. 04057800)
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
Telephone: (214) 265-0250
Facsimile: (214) 265-1537

Dated: November 2, 2006

## TABLE OF CONTENTS

**TAB**

*Hadley v. Shaffer,*
   2003 WL 21960406 (D. Del. Aug. 12, 2003) ............................................................................ 1

Westlaw.

Not Reported in F.Supp.2d                                                                                  Page 1
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Hadley v. ShafferD.Del.,2003.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Thomas J. **HADLEY**, in his capacity as the Former Shareholders Representative of the shareholders of Kiamichi Railroad Company, Inc ., Plaintiff
v.
James S. **SHAFFER**, individually, Kiamichi Railroad Company, L.L.C., and Statesrail, L.L.C., Defendants/Third-Party Plaintiffs/Counterclaim Plaintiffs
v.
Jack L. **HADLEY** and Thomas J. **Hadley**, individually. Third-Party Defendants.
**No. Civ.A. 99-144-JJF.**

Aug. 12, 2003.

Jesse E. Finkelstein, Frederick K. Cottrell, III, Anne Shea Gaza, of Richards, Layton & Finger, Wilmington, Delaware, for Defendants/Third Party Plaintiffs/Counterclaim Plaintiffs, Michael E. Schonberg, and James Berglund, of Thompson & Knight, P.C., Dallas, Texas, of counsel.
Robert Jacobs, Vincent J.X. Hedrick, of Jacobs & Crumplar, P.A., Wilmington, Delaware, for Third Party Defendants, Weldon Stout, of Wright, Stout, Fite & Wilburn, Muskogee, Oklahoma, of counsel.

OPINION

FARNAN, J.
*1 Presently before the Court is Third Party Defendants' Motion to Dismiss for Lack of Jurisdiction. (D.I.92). For the reasons discussed below, the motion to dismiss (D.I.92) will be denied.


I. Introduction

In June, 1995, StatesRail L.L.C. ("StatesRail"), a Delaware limited liability company, and Kiamichi Railroad Company ("Kiamichi"), a Delaware corporation, (collectively referred to as "Third Party Plaintiffs") entered into an Agreement and Plan of Merger (the "Merger Agreement"). (D.I.95, Exh. A). The merger was completed effective June 30, 1995. (D.I. 95, Exh. A at 1). Before the merger, Kiamichi was a closely-held corporation with approximately 16 shareholders. (D.I.95, Exh. C). Jack Hadley and his wife were the majority shareholders of Kiamichi. (D.I.95, Exh. C). Under the Merger Agreement, Kiamichi created a subsidiary under the laws of Delaware, Kiamichi Acquisition, L.L.C. ("KRR Acquisition"). (D.I. 95, Exh. A at 1). Pursuant to the terms of the Merger Agreement, KRR Acquisition acquired Kiamichi's stock and Kiamichi ceased to exist.

At the time of closing, $1.4 million of the total purchase price was placed into an escrow account by the parties for indemnification purposes (the "Indemnity Escrow Account"). (D.I. 33 at 7, ¶ 4). Pursuant to the Merger Agreement, funds in the Indemnity Escrow Account not returned to StatesRail as indemnity payments are to be disbursed to the former shareholders of Kiamichi according to a schedule in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                  Page 2
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Merger Agreement. (D.I. 95, Exh. A at §§ 2.3(b), 2.6(e)). A Former Shareholder Representative ("Representative") was appointed to administer the indemnity claims asserted by Third Party Plaintiffs. (D.I. 95, Exh. A at 25, 48). Initially, Jack Hadley served as the Representative, but Thomas J. Hadley later assumed the position. (D.I. 95, Exh. B at ¶ 6).

Following the merger, StatesRail filed a lawsuit in Texas against Thomas J. Hadley, in his capacity as Representative, alleging that Hadley had failed to release indemnity payments to States Rail in accordance with the terms of the Merger Agreement. (D.I.95, Exh. E). Thomas J. Hadley filed a Motion to Dismiss, claiming that the mandatory forum selection clause in § 11.11 of the Merger Agreement provided that the Delaware courts had exclusive jurisdiction. (D.I. 95, Exh. F at 6). As a result of Section 11.11's mandatory forum selection clause, Hadley argued that the Texas court lacked jurisdiction. (D.I. 95, Exh. F at 6). Hadley's Motion to Dismiss was granted on June 29, 1998. (D.I.95, Exh. H).

On July 10, 1998, Thomas J. Hadley, in his capacity as Representative, filed a lawsuit in an Oklahoma state court alleging various breaches of the Merger Agreement. (D.I. 95 at 5). Third Party Plaintiffs removed the suit to federal court and subsequently requested and obtained a change of venue to this Court, based on Section 11.11's forum selection clause. (D.I. 92 at 1-2). Third Party Plaintiffs then filed a Counterclaim and Third Party Complaint against Thomas J. Hadley and Jack Hadley, individually, disputing the ownership of certain life insurance policies related to the Merger Agreement. (D.I. 98 at 2-3).

*2 The parties do not dispute that the instant claims are based upon the Merger Agreement. However, Jack Hadley and Thomas J. Hadley, individually, (the "Hadleys") have moved to dismiss the claims against them for lack of in personam jurisdiction. (D.I.92).

## II. Standard of Review

Third Party Defendants Jack Hadley and Thomas J. Hadley contend that the Third Party Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over them in their individual capacities. Rule 4(e) of the Federal Rules of Civil Procedure provides that a federal court may exercise personal jurisdiction over a nonresident "to the extent permissible under the law of the state where the district court sits." *Mesalic v. Fiberloat Corp.*, 897 F.2d 696, 698 (3d Cir.1990); *Mobil Oil Corp. v. Advanced Envtl. Recycling Tech., Inc.*, 833 F.Supp. 437, 440 (D.Del.1993).

Once a defendant has properly raised the jurisdictional defense, the plaintiff has the burden of establishing by a preponderance of the evidence that the defendant has had minimum contacts with the forum state. *Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir.1990), cert. denied, 498 U.S. 812 (1990). If the plaintiff is able to make a prima facie case supporting the exercise of personal jurisdiction, the burden shifts to the defendant to "present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 483 (3d Cir.1993). In the context of a motion to dismiss, the record must be viewed in the light most favorable to the non-moving party. See *Joint Stock Soc'y v. Heublein, Inc.*, 936 F.Supp. 177, 192

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00443-GMS    Document 34    Filed 11/02/2006    Page 5 of 14

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

(D.Del.1996) (holding that the court must accept as true all well-pled facts).

### III. Parties' Contentions

The Hadleys contend that the Court lacks in personam jurisdiction over them for the purposes of this litigation. (D.I.92). The Hadleys rely on three assertions: (i) that they are not bound by the Merger Agreement's forum selection clause; (ii) that they have taken no acts within the state of Delaware that would subject them to statutory jurisdiction; and (iii) that to subject them to jurisdiction would be inconsistent with Due Process.

First, the Hadleys contend that, as non-signatories to the 1995 Merger Agreement, they are not bound by the Merger Agreement's mandatory forum selection clause. (D.I. 98 at 8). Because they are not bound by the forum selection clause, they argue that they have not consented to the exercise of personal jurisdiction over them by the Court. (D.I. 98 at 8-9). Further, the Hadleys contend that the forum selection clause cannot be enforced against them in their individual capacities as third-party beneficiaries. (D.I. 98 at 12-13). The Hadleys contend that third-party beneficiary status can only be conferred upon the party bringing the suit. (D.I. 98 at 13). Because they are not Plaintiffs in the Third Party Complaint, the Hadleys contend that they are not third-party beneficiaries to the Merger Agreement such that they should be deemed to have consented to this Court's jurisdiction.

**\*3** The Hadleys further contend that they have not committed any acts in their individual capacities that would subject them to personal jurisdiction in this Court under Delaware's long-arm statute, 10 *Del. C.* § 3104(c)(1-6). (D.I. 92 at 6). Finally, the Hadleys contend that because they have not had the requisite minimum contacts with the State of Delaware, the constitutional Due Process requirement has not been met. (D.I. 92 at 7). In support of this assertion, the Hadleys submit affidavits which state that they have not been in the State of Delaware regarding the subject matter of this action. (D.I. 92 at 7). For all these reasons, the Hadleys contend that they are not subject to the jurisdiction of this Court. (D.I.92).

In response, Third Party Plaintiffs contend that the Hadleys have expressly consented to and waived any objections to the exercise of personal jurisdiction by this Court pursuant to the Merger Agreement's forum selection clause. (D.I. 95 at 10). Third Party Plaintiffs argue that, as intended third-party beneficiaries of the Merger Agreement, the Hadleys are bound by the forum selection clause. (D.I. 95 at 12-13). In support of this contention, Third Party Plaintiffs point out that Thomas J. Hadley had previously attempted to enforce the terms of the Merger Agreement in an Oklahoma court, by asserting his standing as the Former Shareholders Representative. (D.I. 95 at 4, 15). Further, Thomas J. Hadley successfully argued to the Texas state court that all causes of action arising out of the Merger Agreement must be brought in Delaware. (D.I. 95 at 16). By having previously used the forum selection clause to his benefit, Third Party Plaintiffs argue that Thomas J. Hadley is now bound by the terms of that clause. (D.I. 95 at 15).

Alternatively, Third Party Plaintiffs contend that this Court has specific jurisdiction over the Hadleys. Plaintiffs assert that under a properly expansive

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

reading of the Delaware long-arm statute, the Hadleys have, in fact, transacted business in Delaware sufficient to satisfy § 3104(c)(1). (D.I. 95 at 17-18).

Further, Third Party Plaintiffs assert that the exercise of jurisdiction by this Court over the Hadleys comports with Due Process. (D.I. 95 at 21). In support of this contention, Third Party Plaintiffs argue that the Hadleys: (i) purposely availed themselves of Delaware state laws; (ii) could have reasonably anticipated being called into the courts of Delaware; and (iii) would bear a minimal burden if made to defend this action in this jurisdiction. (D.I. 95 at 21). In sum, Plaintiffs contend that the Hadleys are subject to the exercise of personal jurisdiction by this Court. (D.I.95).

### IV. Discussion

#### A. Whether the Hadleys Have Expressly Consented to Jurisdiction in Delaware Pursuant to the Forum Selection Clause?

The first question in an evaluation of whether the Hadleys can be properly subjected to the jurisdiction of this Court, is whether they have consented to jurisdiction as a result of the Merger Agreement's forum selection clause. When a party is bound by a forum selection clause, the party is considered to have expressly consented to personal jurisdiction. *Res. Ventures, Inc. v. Res. Mgmt Int'l, Inc.*, 42 F.Supp.2d 423, 431 (D.Del.1999). An express consent to jurisdiction, in and of itself, satisfies the requirements of Due Process. *Sternberg v. O'Neil*, 550 A.2d 1105, 1116 (Del.1987). Such consent is deemed to be a waiver of any objection on Due Process grounds and an analysis of minimum contacts becomes unnecessary. *See Hornberger Mgmt. Co. v. Haws & Tingle General Contractors, Inc.*, 685 A.2d 724, 727 (Del.Super.Ct.2000) (stating "[a] party may expressly consent to jurisdiction by agreeing to a forum selection clause ... If a party consents to jurisdiction, a minimum contacts analysis is not required."); *USH Ventures v. Global Telesystems*, Inc. C.A. No. 97C-08-086, 1998 Del. Super Lexis 167, at *22 (Del.Super.Ct. May 21, 1998) (same). Thus, if the Court determines that the Hadleys are bound by the forum selection clause, the Court can exercise in personam jurisdiction over them.

*4 In order to determine whether the Hadleys are bound by the forum selection clause, three questions must be resolved. These questions are: (1) whether the forum selection clause is valid; (2) whether the Hadleys are either parties, third-party beneficiaries, or closely related to the Merger Agreement; and (3) whether the present claim arises from their standing relating to the Merger Agreement. Only where all three questions are answered in the affirmative, can the Hadleys be bound by the forum selection clause and found to have consented to the Court's jurisdiction.

#### 1. Is the Forum Selection Clause Valid?

Both Delaware and federal decisional law acknowledge that, as a general principle, private parties may agree to conduct all potential litigation arising out of a contract in a single jurisdiction. *Process and Storage Vessels, Inc. v. Tank*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                  Page 5
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*Servs., Inc.*, 541 F.Supp. 725, 733 (D.Del.1982). Such Merger Agreements are presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes: (i) it is a result of fraud or overreaching; (ii) enforcement would violate a strong public policy of the forum; or (iii) enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Coastal Steel Corp. v. Tilghman Wheelabrator, LTD.*, 709 F.2d 190, 202 (3d Cir.1983), *overruled on other grounds by*, *Lauro Lines v. Chasser*, 490 U.S. 495 (1989). Generally put, forum selection clauses are enforced so long as enforcement at the time of litigation would not place any of the parties at a substantial and unfair disadvantage or otherwise deny a litigant his day in court. See *Process*, 541 F.Supp. at 733 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Because the Hadleys have made no assertion regarding the validity of the clause, they have not overcome the presumption in favor of validity. Accordingly, the Court concludes that the forum selection clause is valid.

2. Are the Hadleys Subject to the Forum Selection Clause As Third-Party Beneficiaries?

The Court must next determine whether the Hadleys are subject to the terms of the forum selection clause. If the Hadleys are found to be either parties, third-party beneficiaries, or closely related to the Merger Agreement, they will necessarily be bound by the forum selection clause. The Court will first turn to whether the Hadleys can be considered parties to the Merger Agreement.

The Hadleys correctly assert that they are not parties to the original 1995 Merger Agreement. (D.I. 98 at 8). They are not listed as parties on the Merger Agreement's cover page. Further, neither Thomas nor Jack Hadley signed the Merger Agreement in any capacity. (D.I. 95 at Exh. A). The Hadleys, however, stop short of a full analysis. The parties executed an amendment to the Merger Agreement (the "Amendment") on October 3, 1995. Jack Hadley, in his capacity as Chairman of the Board of Directors of Kiamichi, was a signatory to the Amendment. As such, Jack Hadley would be bound by the forum selection clause in his capacity as chairman. See *Resource Ventures, Inc.*, 42 F.Supp.2d at 432 (finding that a signatory to an amendment of a contract is bound by the forum selection clause in the original contract). However, Jack Hadley is not bound by the clause in his individual capacity. *See, e.g., Packer v. TDI Systems*, 959 F.Supp. 192, 195 n. 2 (S.D.N.Y.1997) (stating "[t]he forum selection clause, of course, applies to the parties to the contracts, the corporate entities, and not to the individual signatories."). Accordingly, the Court concludes that the Hadleys, in their individual capacities, are not parties to the Merger Agreement.

*5 The next inquiry is to determine whether the Hadleys can be considered third-party beneficiaries to the Merger Agreement. To qualify as a third-party beneficiary, it must be shown that the contract was "made for the benefit of that third party within the intent and contemplation of the contracting parties." *Grand St. Artists v. Gen'l Electric. Co.*, 19 F.Supp.2d 242, 253 (D.N.J.1998) (citing *Grant v. Coca-Cola Bottling Co.*, 780 F.Supp. 246 (D.N.J.1991)); *Pierce Associates, Inc. v. Nemours Foundation*, 865 A.2d 530, 535 (3d Cir.1988) (applying Delaware law); *Browne v.. Robb*, 583 A.2d 949, 954-955 (Del.1990) (requiring the contracting parties to intend to confer a benefit on the third party). To determine whether the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 6
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

parties intended to make an individual a third-party beneficiary, the Court must look to the terms of the contract and the surrounding circumstances. *Grand St. Artists,* 19 F.Supp.2d at 253.

Under Delaware law, the intention of the contracting parties is paramount in determining whether others have standing as third-party beneficiaries. *See E.I. DuPont & Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.,* 269 F.3d 187, 197 (3d Cir.2001). Thus, if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract. *Guardian Constr. Co. v. Tetra Tech Richardson, Inc.,* 583 A.2d 1378, 1386 (Del.Super.Ct.1990).

The Court concludes that the Hadleys are intended third-party beneficiaries of the Merger Agreement. As consideration for the sale of shares in Kiamichi, the Merger Agreement provided that the shareholders (including the Hadleys) would receive the payments set forth in paragraph 2.3(a). (D.I. 95, Exh. A at 5). Paragraph 8.6 of the Merger Agreement required the approval of the Hadleys and other shareholders before the Merger Agreement became final. (D.I. 95, Exh. A at 36). The Hadleys also consented to the stock purchase and merger. (D.I. 95 at Exh. D, E, K). The Hadleys, as shareholders, were undoubtedly intended to receive a benefit from the sale of their stock through the Merger Agreement. *See DuPont,* 269 F.3d at 196. In fact, Jack Hadley and his wife were majority shareholders of Kiamichi, owning approximately 60% of the shares. (D .I. 95 at Exh. C. Schedule 3.4 of Stock Purchase Merger Agreement). Further, Jack Hadley was actively involved in the negotiations that led to the Merger Agreement. *See* Kleifgen Decl. at ¶¶ 3-4.

Thomas J. Hadley has exhibited his status as a third-party beneficiary in at least two ways. First, when faced with the Texas suit, initiated by StatesRail, Mr. Hadley was granted a 12(b)(2) Motion to Dismiss after he successfully argued that "... by Section 11.11 of the Merger Agreement the parties irrevocably submitted and consented to the jurisdiction and venue of the courts of the State of Delaware and the federal courts located in Delaware." (D.I. 95, Exh. F at ¶ 6). The case was dismissed based on Mr. Hadley's assertion that the forum selection clause was enforceable in "any dispute arising out of or relating to the Merger Agreement." (D.I. 95, Exh. F at ¶ 6). Two weeks after the Texas court granted Mr. Hadley's Motion to Dismiss, Mr. Hadley instituted suit against Third Party Plaintiffs in Oklahoma. There, Mr. Hadley used his third-party beneficiary status to his benefit by seeking compensation for alleged breaches of the Merger Agreement. The Oklahoma court agreed with the Texas court's conclusion that the forum selection clause was binding and transferred the case to this Court.

\*6 Delaware law prohibits third-party beneficiaries from reaping the benefits of a contract they seek to enforce, while, at the same time, avoiding the burdens or limitations of the contract, such as a forum selection clause. *Process,* 541 F.Supp. at 733. For example, in *Rumsey Elec. Co. v. Univ. of Del.,* the Delaware Supreme Court held that:
When plaintiff seeks to secure benefits under a contract as to which he is a third-party beneficiary, he must take that contract as he finds it .... the third party cannot select the parts favorable to him and reject those unfavorable to him.

358 A.2d 712, 714 (Del.1976) (quoting *Sanders v. Amer. Cas. Co.,* 269 Cal.App.2d

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 7
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

306, 310 (Cal.Ct.App.1969)). *See also*, Coastal Steel, 709 F.2d at 203 (holding that third-party beneficiary status does not permit the avoidance of contractual provisions otherwise enforceable); Barrett v. Picker Int'l Inc., 589 N.E.2d 1372, 1376 (Ohio Ct.App.1990) ("Therefore, plaintiffs' status as third-party beneficiaries cannot be used as both a sword to reap the benefits of the [contract] and a shield to protect them from enforcement of the forum selection clause."). Thomas J. Hadley cannot use the forum selection clause to his advantage, as he did in the Texas and Oklahoma litigations, and then assert that he is not bound by its terms in this Court. Based on the above cited factors, the Court concludes that the Hadleys are third-party beneficiaries to the Merger Agreement. As third-party beneficiaries, the Hadleys are bound by the terms of the Merger Agreement, including the forum selection clause.

Even if the Hadleys are not third-party beneficiaries to the Merger Agreement, the Court concludes that they are closely related to the Merger Agreement, and therefore, reasonably bound by its forum selection clause. "Forum selection clauses bind nonsignatories that are closely related to the contractual relation or that should have foreseen governance by the clause." *Jordan v. SEI Corp.*, 1996 U.S. Dist. LEXIS 7627, at *18-19 (E.D. Pa. June 4, 1996). *See also* Hugel v. Corporation of Lloyd's, 999 F.2d 206, 209-210 (7th Cir.1993) (binding corporations owned and controlled by contracting party); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 n. 5 (9th Cir.1988) (binding parent companies of contracting party and individual directors); Coastal Steel, 709 F.2d at 202 (binding a third-party beneficiary). In the instant case, the Hadleys are closely related to the Merger Agreement for the reasons discussed in the context of the Court's third-party beneficiary analysis. Accordingly, the Court concludes that the Hadleys should have foreseen governance by the forum selection clause.

3. Do the Claims Against the Hadleys Arise from their Status Relating to the Merger Agreement?

In order for the Hadleys to be bound by the terms of the forum selection clause, the claims asserted must arise from the Merger Agreement at issue. *See* DuPont, 269 F.3d at 197; *see also Indus. Elec. Corp. v. Power Distrib. Group, Inc.*, 215 F.2d 677, 680 (7th Cir.2000) (holding that a third-party beneficiary was not compelled to arbitrate claims because the claims did not arise out of the contract from which it derived its third-party status). Here, the Hadleys concede that the present claim arises out of the Merger Agreement. Because the claim is based on the Merger Agreement to which the Hadleys are bound, the Court concludes that the Hadleys are bound by the terms of the forum selection clause contained within the Merger Agreement.

*7 In sum, the Court concludes that Jack Hadley and Thomas J. Hadley are third-party beneficiaries, or at the very least, closely related to the Merger Agreement, which contains a valid forum selection clause such that the Hadleys are bound by the forum selection clause. Because the Hadleys are bound by the forum selection clause, the Court concludes that they have expressly consented to the jurisdiction of this Court.

B. Whether the Hadleys are Subject to Personal Jurisdiction Under Specific

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 8
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Jurisdiction Principles?

In the alternative, even if the Hadleys were not bound by the forum selection clause such that they cannot be said to have consented to jurisdiction in this Court, the Court would conclude that the Hadleys are subject to the Court's jurisdiction under the principles of specific jurisdiction. In the absence of consent to jurisdiction, the determination of whether personal jurisdiction exists is a two-step process under Delaware law. *Jeffreys v. Exten,* 784 F.Supp. 146, 150 (D.Del.1992). First, in personam jurisdiction must exist under the applicable state long-arm statute. See 10 Del. C. § 3104 (2003). Second, the exercise of jurisdiction must comport with the Due Process Clause of the Federal Constitution under the standards announced in *International Shoe Company v. Washington,* 326 U.S. 310 (1945). See *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir.1984); *Hercules, Inc. v. Leu Trust and Banking (Bahamas) Ltd.,* 611 A.2d 476 (Del.1992), cert. dismissed, 507 U.S. 1025 (1993).

In order to determine whether in personam jurisdiction over the Hadleys exists, the Court must determine whether "the alleged conduct of a defendant comes within one of the provisions of the long-arm statute." *Blue Ball Props., Inc. v. McClain,* 658 F.Supp. 1310, 1315 (D.Del.1987). Third Party Plaintiffs assert that jurisdiction exists under 10 Del. C. § 3104(c)(1). This subsection of Delaware's long-arm statue provides that a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent "transacts any business or performs any character of work or service in the State." 10 Del.C. § 3104(c)(1). When applying the statute, it must be construed liberally, to "confer jurisdiction to the maximum extent possible under the Due Process Clause." *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,* 863 F.Supp. 186, 188 (D.Del.1993); accord *LaNuova D & B S.p.A. v. Bowe Co.,* 513 A.2d 764, 768 (Del.1986).

Subsection (c)(1) has been interpreted to be a specific jurisdiction provision. *Intel Corp. v. Broadcom Corp.,* 167 F.Supp.2d 692, 700 (D.Del.2001). Specific jurisdiction requires that there be a nexus between the plaintiff's cause of action and the conduct of the defendant. *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414 n. 8 (1983). Therefore, personal jurisdiction can be asserted over a defendant on the basis of a single act related to the state, if the claim has its basis in the asserted transaction. *Blue Ball,* 658 F.Supp. at 1316; *Applied Biosystems, Inc. v. Cruachem, Ltd.,* 772 F.Supp. 1458, 1466 (D.Del.1991); *Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.,* 961 F.Supp. 686, 690 (D.Del.1997). The relatedness requirement only provides that the plaintiff cannot assert personal jurisdiction over a defendant on claims that are unrelated to the defendant's jurisdictional contacts. *Intel,* 167 F.Supp.2d at 704; *Int'l Shoe,* 326 U.S. at 317-18. The analysis then rests on two questions: (i) whether the Hadleys "transacted business" in Delaware to satisfy subsection (c)(1); and (ii) if so, whether those contacts in Delaware gave rise to the present controversy.

1. Whether the Hadleys Transacted Business in Delaware?

*8 Because Third Party Plaintiffs assert jurisdiction over the Hadleys in their individual capacities based on actions taken in their capacities as corporate agents, the fiduciary shield doctrine is implicated. The fiduciary shield doctrine

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 9
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

is a judicially created doctrine that immunizes acts performed by an individual in the individual's capacity as a corporate employee from serving as the foundation for the exercise of personal jurisdiction over that individual. *Res. Ventures,* 42 F.Supp.2d at 434. In the past, this Court has concluded that the fiduciary shield doctrine is not an absolute bar to personal jurisdiction over a corporate agent. *Mobil Oil,* 833 F.Supp. at 443. As such, the mere fact that the defendant has acted through his corporation is insufficient to bar jurisdiction over the defendants individually. *Tristrata,* 961 F.Supp. at 690. Thus, the Court must read § 3104(c)(1) broadly and consider all forum related contacts of the individual defendants, even those taken in their fiduciary capacities. *Res. Ventures,* 42 F.Supp.2d at 434; *Brady v. Preferred Florist Network, Inc.,* 791 A.2d 8, 12 (Del. Ch.2001).

In support of their argument that the Hadleys are subject to this Court's jurisdiction, Third Party Plaintiffs point to the Delaware Chancery Court's decision in *NRG Barriers, Inc. v. Jelin,* C.A. No. 15013, 1996 Del. Ch. LEXIS 81 (Del. Ch. July 1, 1996). This Court finds *NRG* to be on point factually and is persuaded by the *NRG* Court's analysis. In *NRG,* the Chancery Court denied defendant-shareholder's Motion to Dismiss for lack of in personam jurisdiction. 1996 Del. Ch. LEXIS 81, at *6. The court found that the actions of defendant-shareholders constituted the "transact[ion] of business" sufficient to subject them to jurisdiction under Subsection (c)(1) of Delaware's long-arm statute. *Id.* The court pointed to the following four facts as support for its finding: (i) defendants were shareholders in a closely-held Delaware corporation; (ii) defendants entered into a Stock Purchase Merger Agreement, a contract with a Delaware corporation to sell their stock in the Delaware close corporation; (iii) the parties expressly agreed Delaware law governed the Stock Purchase Merger Agreement; and (iv) Delaware lawyers participated in drafting the Merger Agreement and rendered legal advice with respect to Delaware law. *Id.* at *7.

The Court finds that three of the four factors cited in *NRG* are present in this case. As to the first factor, the Hadleys were shareholders in Kiamichi, a closely-held Delaware corporation. Second, the Hadleys, as shareholders, entered into the Merger Agreement, which provided for a stock purchase and merger. Third, as the Court has previously discussed, the parties consented to the Merger Agreement, which contained a Governing Law Clause and provided that the Merger Agreement would be enforced in accordance with the laws of Delaware. (D.I. 95, Exh. A. at § 11.5).

*9 In support of their contention that the statutory requirements of Delaware's long-arm statute have not been met, the Hadleys have provided the Court with affidavits that assert that they have not been in Delaware regarding the subject matter of this action. (D.I. 92 at 7). However, the Hadleys fall short in their effort to avoid jurisdiction by relying too heavily on physical ties to Delaware. As noted in *NRG,* the court is not limited to a "personal, physical presence ... within the borders of a state" when determining whether personal jurisdiction exists. 1996 Del. Ch. LEXIS 81, at *10.

The Court concludes that the Chancery Court's holding in *NRG* should be followed, and therefore, concludes that the Hadleys' actions satisfy the minimum contacts required by Subsection (c)(1) of the Delaware long-arm statute. Having concluded that the Hadleys transacted business in Delaware sufficient to satisfy the Delaware long-arm statute, the Court must next determine whether the Hadleys' contacts with

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


Not Reported in F.Supp.2d                                                Page 10
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Delaware are related to the present controversy. Because neither party disputes that the Merger Agreement and resulting stock purchase and merger gave rise to the present controversy, the Court concludes that the statutory requirement of specific jurisdiction has been met.

### 2. Due Process Requirements

Having determined that the Hadleys have satisfied the statutory basis for establishing personal jurisdiction, the Court must next consider whether the exercise of personal jurisdiction comports with the constitutional requirements. Due process requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe*, 326 U.S. at 319. In *Hanson v. Denckla*, the Supreme Court noted that "it is essential that in each case there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 357 U.S. 235, 253 (1958).

In addition, the defendant's conduct and connection with the forum State must be such that he should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A Due Process analysis requires the court to examine the relationship between the forum, the litigation, and the defendant to determine whether a defendant can be fairly subjected to the court's personal jurisdiction. *Sternberg v. O'Neil*, 550 A.2d 1105, 1120 (Del.1988).

After reviewing the facts in light of the applicable principles, the Court concludes that the exercise of personal jurisdiction in this case comports with due process. The Hadleys purposely availed themselves of Delaware law. As shareholders, they approved the Merger Agreement, which explicitly stated that Delaware law would govern all disputes arising from the Merger Agreement after the merger. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Further, Jack Hadley was instrumental in the negotiations that led to the Merger Agreement. Both Jack and Thomas J. Hadley voted their shares in favor of the Merger Agreement. By approving the Merger Agreement, the Hadleys could have reasonably anticipated being haled into the Delaware courts. *See World-Wide Volkswagen*, 555 U.S. at 291-292.

*10 Finally, the burden on the Hadleys to litigate the present claim in Delaware is minimal when weighed against the interests of Third Party Plaintiffs and the State of Delaware. Because this claim arises out of Thomas J. Hadley's breach of contract claims, which are also being litigated in Delaware, he cannot contend that he would be unduly burdened by being made to litigate the instant claims in Delaware, as well. Further, the State of Delaware has a strong interest in adjudicating related claims in the same court. Finally, the Hadleys have failed to present the Court with any factual support for why jurisdiction would violate Due Process or be unduly burdensome. Accordingly, the Court concludes that the Due Process requirements are satisfied.

### V. Conclusion

In sum, the Court concludes that the forum selection clause contained within the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                  Page 11
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Merger Agreement is valid and enforceable against the Hadleys in their individual capacities. Additionally, the Court concludes that the exercise of personal jurisdiction over the Hadleys is proper under the Delaware long-arm statute and comports with Due Process. Accordingly, the Third Party Defendants' Motion to Dismiss (D.I.92) will be denied.

An appropriate Order will be entered.

*ORDER*

NOW THEREFORE, for the reasons stated set forth in the Opinion issued this date, IT IS HEREBY ORDERED this *12th* day of August 2003, that the Third Party Defendants' Motion to Dismiss for Lack of Jurisdiction (D.I.92) is *DENIED*.

D.Del.,2003.
Hadley v. Shaffer
Not Reported in F.Supp.2d, 2003 WL 21960406 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Rebecca L. Butcher, Esquire, hereby certify that a true and correct copy of the foregoing Compendium of Unreported Opinions to Defendants' Reply Brief in Support of Motion to Dismiss was served this 2nd day of November, 2006, upon the following in the manner indicated:

**VIA E-FILING**
**BY HAND-DELIVERY**

Allen M. Terrell, Jr., Esquire
Anne Shea Gaza, Esquire
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE 19899-0551

**VIA FIRST CLASS MAIL**

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, SW
10 North Ludlow Street
Dayton, OH 45402

_____
Rebecca L. Butcher (I.D. No. 3816)