## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF COM

May 22, 2007

**VIA CM/ECF FILING AND**
**HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court for the
    District of Delaware
844 North King Street
Wilmington, Delaware 19801

> Re:  *The Proctor & Gamble Company and The Gillette Company v. Harrison,*
> *et al.,* **C.A. No. 06-443 (GMS)**

Dear Judge Sleet:

I write on behalf of Plaintiffs, The Proctor & Gamble Company ("Proctor & Gamble") and Gillette Company ("Gillette"), in response to Rebecca Butcher's letter on behalf of Defendants dated May 15, 2007. Ms. Butcher's letter correctly notes that, in the wake of the February 8, 2006 decision by the United States District Court for the Northern District of Texas (the "Texas decision"), the parties have been negotiating a stipulation whereby Proctor & Gamble will voluntarily dismiss its claims in the above-captioned action without prejudice. We anticipate the stipulation will be finalized and filed in the near future.

The proposed stipulation does not effect the claims brought by Gillette in this action nor does the Texas decision in any way undermine the validity and viability of Gillette's claims. The Stock Purchase Agreement between Gillette and Defendants specifically provides that any and all claims or causes of action that arise in whole or in part under or in connection with the Stock Purchase Agreement shall be brought in a court in the State of Delaware and that the parties will not request a jury trial. By initiating the case in Texas, and not Delaware, and by requesting a trial by jury, Defendants have breached the Stock Purchase Agreement. Quite simply, the facts giving rise to the breach of contract claim that Gillette asserts against Defendants began with the mere initiation of the Texas case and shall continue as long as that case continues. In addition, Gillette has brought a claim seeking a judgment declaring that it has not breached the terms of the Stock Purchase Agreement and has instead fully performed its obligations under the parties' agreement. Like the breach of contract claim, Gillette's declaratory judgment claim is not effected by the Texas decision or the parties' stipulation.

The Honorable Gregory M. Sleet
May 22, 2007
Page 2


       Moreover, it is far from clear that the Texas decision will stand.  In denying Proctor & Gamble's motion to dismiss, the Texas court ordered the plaintiffs in that case (the defendants in the instant action) to re-plead and gave Proctor & Gamble the opportunity to file a second motion to dismiss.  Shortly after the amended pleading was filed, Proctor & Gamble again moved to dismiss the action in Texas.  The parties in the Texas case have been briefing the second motion to dismiss and Proctor & Gamble is scheduled to file its reply brief later this week.  Given the status of the Texas action, Plaintiffs respectfully request that the Court defer ruling on the pending motion to dismiss in this action until after the Texas court has had an opportunity to decide the second motion to dismiss filed in the Texas case.  Counsel will, of course, immediately advise Your Honor of the Texas court's decision as soon as it is issued.  In the interim, if Your Honor has any questions or concerns, counsel is available at the Court's convenience.

       Respectfully,

Anne Shea Gaza
(#4093)

ASG:asg
cc:   Rebecca L. Butcher, Esquire (via electronic mail)
      David Keltner, Esquire (via electronic mail)

RLF1-3152420-1